Filed 7/30/26  P. v. Camacho CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B344475 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA144840) |
| v. | |
| JUAN CARLOS CAMACHO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Hector E. Gutierrez, Judge.  Reversed and remanded with directions.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

# I.    INTRODUCTION

Following a remand, the trial court resentenced defendant Juan Carlos Camacho to a total of 35 years to life for assault with a deadly weapon (Pen. Code[1], § 245, subd. (a)(1)), and a true finding that defendant had two prior serious felony convictions for purposes of the Three Strikes law (§§ 667, subds. (b)–(j), 1170.12) and the prior serious felony conviction enhancement (§ 667, subd. (a)).  On appeal, his appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the record, we requested supplemental briefing to address whether the trial court erred by failing to award defendant custody credits, and, if so, how many custody credits defendant was due.  Defendant and respondent the Attorney General agree that the trial court erred by failing to award custody credits.  The parties also agree that defendant was entitled to 2,755 actual custody credits.  As we will explain, defendant may also be entitled to an award of additional presentence conduct credits.  We reverse and remand to the trial court to calculate and award defendant the correct amount of custody credits.

# II.    BACKGROUND

On April 5, 2018, the Los Angeles County District Attorney filed an information charging defendant and his codefendant with assault with a deadly weapon (§ 245, subd. (a)(1)), assault with a semiautomatic firearm (§ 245, subd. (b)), and premeditated, willful, and deliberate attempted murder (premeditated

---

[1]    Further statutory references are to the Penal Code.

attempted murder; §§ 664, 187, subd. (a)).  The District Attorney further alleged that defendant had two prior serious and/or violent felony convictions under the Three Strikes law (§§ 667, subds. (b)–(j), 1170.12) and  a prior serious felony conviction enhancement (§ 667, subd. (a)).  Specifically, the information alleged defendant was convicted of assault with a firearm (§ 245, subd. (a)(2)) in October 2008 and assault with a deadly weapon (§ 245, subd. (a)(1)) in July 2011.  The District Attorney also alleged that the crimes were for the benefit of a criminal street gang.  (§ 186.22, subd. (b)(1)(C).)

A jury convicted defendant of assault with a deadly weapon and premeditated attempted murder.  The jury also found the gang enhancements to be true.  In a separate bench trial, the trial court found true the allegations that defendant had two prior serious felony convictions for purposes of the Three Strikes law and the serious felony conviction enhancement.  The court imposed a sentence of 45 years to life in prison.  Defendant was awarded 394 days actual custody credit, and 59 days of presentence conduct credit, for a total of 453 days of custody credit.

In an unpublished opinion, we reversed the conviction for premeditated attempted murder and the gang enhancements, and remanded for the People to either retry defendant, or for the trial court to resentence defendant if the People elected not to retry him.  (*People v. Camacho* (Sept. 15, 2022, B292093) [nonpub. opn.].)

The People elected not to retry defendant.  Defendant's counsel filed a motion for the trial court to exercise its discretion to strike the prior serious felony convictions.  The People opposed the motion.

On January 31, 2025, the trial court held the resentencing hearing. The court declined to exercise its discretion to strike the prior convictions. Defendant was resentenced to 35 years to life in prison. The court did not award any custody credits, but instead stated that the Department of Corrections and Rehabilitation would determine them.

Defendant appealed from the judgment of conviction and we appointed counsel to represent him. On February 19, 2026, appointed counsel filed an opening brief that did not identify any arguable issues and requested that we follow the procedure set forth in *Wende*, *supra*, 25 Cal.3d 436. On February 19, 2026, we notified defendant that his appointed appellate counsel had failed to find any arguable issues and that he had 30 days within which to brief any grounds for appeal, contentions, or arguments he wanted us to consider. Defendant did not file a supplemental brief.

After we independently reviewed the record (*Wende*, *supra*, 25 Cal.3d at p. 441), we invited the parties to file supplemental briefs to address: whether the trial court erred by failing to award custody credits, and how many custody credits should be awarded to defendant. The parties submitted supplemental briefs, agreeing that the trial court erred and that defendant should be awarded 2,755 actual custody credits, calculated from his initial arrest date on July 18, 2017, to the date of the resentencing hearing, January 31, 2025. (See § 2900.1; *People v. Buckhalter* (2001) 26 Cal.4th 20, 37.)

4

## III.   DISCUSSION

We agree with the parties that the trial court erred when it did not calculate defendant's actual custody credits, therefore, we will remand the matter for the court to recalculate defendant's custody credits.  On remand, the court should award defendant 2,755 actual custody credits.  The court should also consider whether defendant, in light of our vacating of his conviction for attempted murder and the People declining to retry him, is entitled to *presentence* conduct credits pursuant to section 4019 and, if so, to calculate those credits.

## IV.   DISPOSITION

The cause is reversed and remanded for the trial court to calculate and award defendant custody credits.  The court is directed to forward the corrected and amended abstract of judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

BAKER, Acting P. J.

MOOR, J.

6